PONDER, Judge.
Plaintiff appealed from the award of a separation from bed and board on grounds of mutual fault.[1]
The issues are the admissibility of some evidence and the correctness of the lower court’s finding of mutual fault.
We affirm.
Plaintiff complains of the court’s admission of evidence beyond the allegations of defendant’s reconventional demand and some hearsay evidence.
In his answer, defendant made some allegations of habitual intemperance and specified at least one instance. In his re-conventional demand he alleged habitual intemperance, a suicide attempt and extreme cruelty, all in quite general terms. Without objection plaintiff’s witnesses were cross-examined about alcoholism, the suicide attempt and an attempt to pour hot water on defendant. Plaintiff objected to the question: “Was she drunk?” directed to defendant without specifying the ground therefor. She objected to a question as to acts of cruelty without specifying the grounds but evidently on the basis of relevancy because the time was not specified. She objected to the leading nature of another question. These objections were overruled. Then for the first time plaintiff objected to questioning about a shooting incident because it had not been pled. The judge overruled the objection saying that the incident could be corroborative of the other evidence of cruelty. Thus it can be seen that plaintiff’s objection of no basis in the pleading was to evidence of the shooting, not to all acts of cruelty, many of which were received into evidence without objection and others without objection on that ground. We find no error.
Plaintiff complains of the court’s sustaining defendant’s objections to hearsay and overruling plaintiff’s objections to hearsay, without being specific of the instances. While the court was quite lenient in its rulings, we find no prejudicial error since there was sufficient evidence otherwise, and the incidents related were corrob *498 orative of that evidence. In the one instance in which plaintiffs objection to hearsay was made and overruled, the answer finally given was not subject to that objection.
Plaintiff’s other argument is that the trial court erred in finding mutual fault. We have examined the record and find that the court was correct in its conclusion.
We affirm the judgment. Plaintiff is cast with all costs of this appeal.
AFFIRMED.

. LSA-C.C. Article 141
“A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.”